## Philadelphia v. Charter Oak Fire Insurance Company

*James Schwartz*, for plaintiff.
*John Penders*, for defendant.

BOLGER, *J.*, June 24, 1977 — The above-captioned case was tried before this court, sitting without a jury, on November 26, 1975. The evidence consisted of a stipulation of fact and the testimony of one witness. A finding was entered in favor of plaintiff on December 9, 1975. Eleven exceptions were taken to the finding. Ten of the exceptions were dismissed on January 11, 1977. An appeal has been taken to the Superior Court. The following is a memorandum opinion sur defendant's exceptions.

The facts of this case are well presented in the stipulation. The task of the trial court devolved into the interpretation of an insurance policy covering plaintiff as an "Additional Insured—Lessor," pursuant to the terms of a so-called "License Agree-

ment." The policy in question was procured by Shipstads & Johnson Ice Follies, Inc. (hereinafter referred to as "Shipstads" or "licensee"). Paragraph 1 of the license agreement provides:

"Licensor [plaintiff] hereby grants to Licensee (Shipstads) permission to use ALL THAT CERTAIN space of the PHILADELPHIA CIVIC CENTER, situated at Civic Center Boulevard at 34th Street in the City of Philadelphia, (hereinafter referred to as Licensed Space), known as Convention Hall Auditorium and such other parts of that structure as may be permitted by Licensor for the purpose incident to the use to be made of the Licensed Space . . ."

Paragraph 3.A. of the License Agreement provides:

"Licensee agrees: A. To obtain at its own expense and keep in effect during the period in which the privileges hereunder are granted a policy or policies of public liability insurance, in which both Licensee and The City of Philadelphia shall be named as insured . . ., covering injuries to persons . . . in or about the said Licensed Space or occurring in the course of or as a result of exercise of the privileges granted herein. . . . "

In satisfaction of its obligation under paragraph 3.A. aforesaid, the licensee placed the policy in question wherein plaintiff is covered, as an "Additional Insured—Lessor," by the following language: "It is agreed that such insurance as is afforded by the policy for Bodily Injury. . . . Liability applies to the . . . [plaintiff] . . . as insured, but only with respect to liability arising out of the ownership, maintenance or use of that part of the prem-

ises leased by . . . [plaintiff] . . . to the named insured [licensee] . . ."

Plaintiff was forced to unsuccessfully defend a suit by a patron of the licensee. The sole issue for determination by the trial court was did the claimant, or did she not, fall at a location which was covered by the insurance policy in question.

It was stipulated that: "3. On the evening of December 22, 1969, while the License Agreement and insurance policy were in full force and effect, Lois M. Davis . . ., fell on the sidewalk six feet west of the west entrance steps of the Philadelphia Civic Center, after leaving the Shipstads performance." Undoubtedly "the City's desire to escape liability" (defendant's brief sur exception, -8-) prompted paragraph 3.A. of the license agreement. The law department, in drafting the license agreement, was obviously aware of the point raised at pages 5 and 6 of defendant's trial brief, wherein it is stated: "The decisional law of the Commonwealth has uniformly held that where a landlord retains possession and control over a portion of the premises, and leases only a portion thereof, that the lessor is deemed to retain control and possession of all portions not specifically leased, as well as all common accessways, including adjacent sidewalks. . . . Such a multiple occupancy status was created by the license in question."

Since claimant's injury arose out of Shipstads' use of that part of the premises "leased," plaintiff was most certainly covered by defendant's policy. Defendant's exceptions being without merit, they were dismissed.